NO. 12-01-00124-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DAVID TULLIS LUKE,
§
 APPEAL FROM THE 183RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HARRIS COUNTY, TEXAS

 

PER CURIAM


 On October 19, 1993, David Tullis Luke ("Appellant") pleaded no contest to a charge of
indecency with a child pursuant to a plea bargain. On that same day, the trial court deferred a finding
of guilt and placed Appellant on community supervision for a period of ten years in accordance with
the State's recommendation. On July 24, 2000, the State filed a First Amended Motion to Adjudicate
Guilt. After a hearing on the State's motion on December 7, 2000, the trial court entered a finding of
guilt. After preparation of a pre-sentence report, the trial court held a punishment hearing on February
8, 2001. At the close of the hearing, the trial court sentenced Appellant to seven years of confinement. 
On March 6, 2001, Appellant filed a general notice of appeal. On March 23, 2001, Appellant filed an
amended notice of appeal wherein he stated that "(1) the appeal is for jurisdictional defects, (2) the
substance of the appeal was raised by written motion and ruled on before trial, or (3) the trial court
granted permission to appeal." 

 Appellant brings six issues in appeal. In issue one, he challenges the constitutionality of article
1.15 of the Texas Code of Criminal Procedure, (1) arguing that this provision does not permit the
defendant to call witnesses during a hearing on a plea of guilty thereby denying the defendant's federal
constitutional right to compulsory process. In issue two, he makes the same argument as in issue one
under the Texas Constitution. In issues three and four, he argues that the trial court violated the federal
and state constitutions respectively by proceeding to a judgment of guilt where the record does not
show a voluntary and intelligent waiver of his right to compulsory process.

 The State responds that because these complaints concern the original deferred adjudication
proceeding, Appellant was required to bring these complaints at the time deferred adjudication was
first imposed. We agree. Appellant's first four issues relate to the original deferred adjudication
proceeding on October 19, 1993. Thus, Appellant was required to assert these issues on appeal within
thirty days after he was placed on community supervision in October of 1993. Tex. R. App. P.
26.2(a)(1) (where no motion for new trial is filed, defendant must appeal within thirty days after
sentence is imposed or suspended); Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (".
. . a defendant placed on deferred adjudication has to appeal issues relating to the original deferred
adjudication proceeding when deferred adjudication is first imposed"); see Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 

 Further, we note, as the State does, that Appellant's first notice of appeal failed to comply with
Texas Rule of Appellate Procedure 25.2(b)(3). Although Appellant amended his notice of appeal on
March 23, 2001, this notice of appeal was not filed within thirty days of the imposition of sentence. 
Once thirty days passed after the imposition of sentence, i.e., March 12, 2001, and a proper notice of
appeal had not been filed in the trial court, this court had no jurisdiction over this case. See State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). An out-of-time amendment to a notice of
appeal may not confer jurisdiction on an appellate court where there is none. Id. Also, Appellant's
appeal is not related to jurisdictional issues nor does it concern a pre-trial motion. In addition, nothing
in the record supports Appellant's contention that the trial court granted permission to appeal. For all
of these reasons, issues one through four are overruled. 

 In issue five, Appellant contends that his sentence constitutes cruel and unusual punishment
under the United States Constitution. In issue six, Appellant makes the same argument as in issue five
under the Texas Constitution. Appellant failed to object that the sentence assessed by the trial court
constitutes cruel and unusual punishment. Therefore, Appellant has waived appellate review of that
issue. Tex. R. App. P. 33.1 (As a prerequisite to presenting a complaint for appellate review, the record
must show that an appellant made a timely, specific objection and obtained an adverse ruling.);
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (failure to object on grounds of cruel
and unusual punishment waives claim that sentence violated prohibition in Texas Constitution); Curry
v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (failure to make specific objection at trial
waives Eighth Amendment claim of cruel and unusual punishment). Accordingly, issues five and six
are overruled.

 The judgment of the trial court is affirmed.



Opinion delivered February 6, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.













(DO NOT PUBLISH)
1. Article 1.15 provides:


 No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless
the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in
accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce
evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the
basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence
to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court,
to waive the appearance, confrontation, and cross examination of witnesses, and further consents either to an oral
stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of
witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent
must be approved by the court in writing, and be filed in the file of the papers of the cause. 


Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2001).